UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,

                                                              **07 CR 866-01 (JSR)**

-v.-

ANGEL PEREZ,

              Defendant.
-------------------------------------------------X


## ANGEL PEREZ'S SENTENCING SUBMISSION

 

JAMES ROTH, ESQ. (0811)
HURWITZ STAMPUR & ROTH
299 Broadway, Suite 800
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                        **07 CR 866-01 (JSR)**

       -v.-

ANGEL PEREZ,

              Defendant.
------------------------------------------------------X

## PRELIMINARY STATEMENT

      Angel Perez respectfully submits this memorandum to bring before the Court facts relevant to sentencing and in support of his application for a sentence that is no more severe than necessary to achieve the goals of sentencing after a consideration of the factors provided for in Section 3553(a) of Title 18, United States Code.

## STATEMENT OF FACTS

### A. Mr. Perez's Background

      Angel Perez has been addicted to narcotics for 20 years. His life has been dominated by that addiction, which contributed to his criminal history.

      Mr. Perez was born in Puerto Rico in 1968. He was raised there until the age of 5 when his mother took him to Massachusetts to flee his drunken father. (PSR ¶ 48). As a boy, he and his mother suffered beatings at the hands of her new paramour, another alcoholic. He grew up in impoverished conditions, "it was eight of us living in the projects, we didn't get the things other kids did, but my mother did the best she could." (PSR ¶ 48).

      At age 15, Mr. Perez began to use marijuana. (PSR ¶ 55). Six years later, he began to "snort" cocaine daily. (PSR ¶ 56). At the age of 22 he began to "snort" heroin on a daily basis with a brief hiatus due to confinement, but had resumed use at the time of the instant arrest. (PSR ¶ 57). He endures pain "all over" his body and knees and was scheduled for reconstructive knee surgery at the time of the instant arrest. (PSR ¶ 53). Mr. Perez abused prescription medications which were prescribed for chronic arthritis. (PSR ¶ 58).

      Mr. Perez attended New Era Rehabilitation Clinic in Bridgeport, Connecticut from September 2006 until September 2007. However, he was non-compliant with the regime. (PSR ¶ 59). He also attended out-patient treatment for approximately 10 months in 2006 at AIC in Bridgeport, Connecticut. (PSR ¶ 60).

Honorable Jed S. Rakoff
May 27, 2008
Page 2 of 4

Mr. Perez's desire to right his life is underscored by his commitment to his family, including his sickly mother, his stepfather, and his children. (PSR ¶¶ 93, 98). As Mr. Perez explains, after his most recent stint in prison, "things had been going well in that he was enjoying the rebirth of his relationship with his family and children." (PSR ¶ 16).

Attached to this memorandum as exhibits are letters from Mr. Perez's mother, Sarah Perez and sister, Diana Perez.[1] These letters show family members who are eager to support Mr. Perez upon his release and who view his physical and emotional presence as essential to their lives:

- Sarah Perez, his mother, describes Mr. Perez as "a very good men [sic] he help us visit the clinic, he help us with some money for food…" (Letter from Sarah Perez, Ex. A, at 1).
- Mr. Perez's sister, Diana, writes that "he is always looking out for us making sure everything is okay. He worries about our health, also if we ate, if we got money." (Letter from Diana Perez, Ex. B, at 1).

Mr. Perez has a long criminal history. (PSR ¶¶ 32-42). The majority of his crimes appear to be consistent with efforts to obtain money or narcotics to finance or feed his addiction. His first arrest and incarceration interrupted his 9th grade studies and he never re-enrolled in school. (PSR ¶ 62).

Significantly, Mr. Perez is committed to putting his addiction behind him and leading a productive life. At various times during his life, Mr. Perez has shown a desire and ability to find legitimate work, including as a roofer and an auto-body repairman. (PSR ¶ 65). His effort to maintain employment was frustrated by his painful arthritic condition. (PSR ¶ 67).

## ARGUMENT

1.   *Nature and Circumstances of the Offense and the Defendant's History.*

Mr. Perez pleaded guilty to his participation in a conspiracy to distribute and possession with intent to distribute and distribution and possession of 100 grams or more of heroin. He has acknowledged his guilt and accepted full responsibility. "I am sorry for what I have done. I let my family down, especially my daughters." (PSR ¶ 16). He deeply regrets involving his girlfriend, co-defendant Carmen Patron in the conspiracy.

The sales charged were "accommodation" sales undertaken to permit him to get "high" out of the deal, "not for the money." (PSR ¶ 16). Initially upon his most recent

---

[1] Due to the handwritten nature of the letters, the originals were typed to assist the Court.

JR/PEREZ, A/SENT.LTR

release from prison he abstained from heroin abuse. However, after he abused his prescribed pain medication for his arthritis with no relief, he relapsed and reverted to heroin.

His relapse from pain medication to heroin was not unusual given his lengthy history of addiction. See *United States v. Maier*, 975 F.2d 944, 945 (2d Cir. 1992), affirming a departure where defendant's "efforts toward rehabilitation followed an uneven course, not a surprising result for someone with a fourteen year history of addiction."

Mr. Perez's criminal history and his participation in this conspiracy are the products of a life-long drug addiction that he is determined to overcome. While substance "abuse is not a reason for a downward departure," it may properly be considered under 3553(a)(1). See *Hernandez*, 2005 U.S. Dist. LEXIS 12043, at *21-22.

Mr. Perez faces a mandatory minimum statutory 5 year sentence, significant given his age. A court in this District has observed, the goal of rehabilitation "cannot be served if a defendant can look forward to nothing beyond imprisonment." *United States v. Carvajal*, No. 04 Cr. 222, 2005 WL 476125, at *6 (S.D.N.Y. Feb. 22, 2005)(imposing a non-Guidelines sentence).

Mr. Perez is committed to entering a drug program in prison and a rehabilitation program upon his release and finally ending the cycle of abuse: "I don't want anything to do with drugs again. My abuse of pain meds while on the street scared me. I have to do something different to deal with the pain." (PSR ¶ 61). He successfully completed the forty hour behavioral modification program in the Metropolitan Correctional Center, Manhattan. See, Exhibit C. The PSR recommends drug testing and treatment, and Mr. Perez not only is willing but also is eager to participate in any substance-abuse program that will provide him with the support necessary to beat his addiction once and for all.

2. *Need to Protect the Public from Further Crimes of the Defendant and Afford Adequate Deterrence.*

Section 3553(a)(2) emphasizes that the Court consider the need to "protect the public from further crimes of the defendant" and "afford adequate deterrence to criminal conduct." Both of these principles have application here and both would be satisfied by a sentence permitted under the applicable statutory and guideline scheme.

The risk of recidivism based on Perez's age, 46, is slim. He has exhibited both remorse for his actions and an awareness that he must confront the sickness of drug dependence that contributed to his actions.

Honorable Jed S. Rakoff
May 27, 2008
Page 4 of 4

"[T]he positive correlation between age and recidivism is impossible to deny." *United States v. Nellum*, No. 2:04-CR-30-PS, 2005 WL 300073, at *3 (N.D. Ind. Feb. 3, 2005) applies to Perez. More specifically, courts have recognized that defendants over the age of forty are less likely to commit further offenses (*i.e.*, they have lower recidivism rates) than younger defendants, and that a defendant's age is therefore also a reason to impose a lower sentence. *See United States v. Carmona-Rodriguez*, No. 04 CR 667 (RWS), 2005 WL 840464 (S.D.N.Y. April 11, 2005)(imposing a term of incarceration of 30 months on a 55 year-old defendant where the Guidelines recommended a minimum of 46 months); *Simon v. United States*, 361 F.Supp.2d 35 (imposing a term of incarceration of 240 months on a 43 year-old defendant where the Guidelines recommended a minimum of 324 months).

Imposition of the statutory mandatory 5 year minimum would result in the longest term of actual prison time for Mr. Perez. The longest prior term of time he served was three and one half years, over 15 years ago.

For all these reasons he poses a limited risk of danger to the public or threat of recidivism.

## CONCLUSION

Mr. Perez requests that for all of the foregoing, Your Honor impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing.

Dated: New York, New York
May 27, 2008

Respectfully submitted,

HURWITZ STAMPUR & ROTH (0811)
By: JAMES ROTH, ESQ.
299 Broadway, Suite 800
New York, NY 10007

Attachs.

cc:     AUSA Marissa Mole (By ECF)
        Mr. Angel Perez

JR:jy

JR/PEREZ, A/SENT.LTR