

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York

RE: U.S.A v. Angel Pérez
07 CR 866-A (JSR)

I'm asking the court to grant me an apeal. Base on lack of representention by my attorney Jame Roth. I reise multiple issue concerning my case. I send Mr. Roth paper work to file motion. I also was concern about my P.S.I report. Because I was given Third poin. That shouldn't been given. This issue was never reise in court. By Mr Roth. This lack of representention let me believe that I was going to recieve a fair chance in court. The chance to argue this issues. I ask the court to consider this request for an apeal. Base on the lack of representention by Mr Roth. Sir, I believe if this issue were reise in court. I woulded recieve a better sentencing. The court woulded conside some of my argument. When ask my attorney told me "not to worry." The only motion he presented to the court was one for Harsh condition. Which Mr Roth told the court that I just handed to him. That was not true. I had mail it weeks befor my court date. This let me to believe. I wasn't represented in an apropriate manner by Mr Roth.

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York

I also wrote you a letter concerning my past conviction and The category I was place. Sir I felt in explaining my question. Base on The new Law. If a person is arrested multiple Time. But are put Together an convicted as one. accordence To The New Law. This cont as one. IF This is The case. My question is why? my cases are been look as sepret conviction. NOT as The Law say it Should be conted. Sir, I was convicted of multiple arrest. in These years. 1985, 1989, 1991-1998-2002-05

1985 —
ATTempt assult and Robbery
1989 —
multiple arrest    put together result one conviction
Possession
failure To appear
larceny sixth
weapon
1991 —
   multiple arrest    put Together result one conviction
assult Third
failure To appear
robbery second
   1998 —
   Possession
2002 —
   Possession and Sale

I hope the court take this matter in to consideration go over this request. In the chance of me getting a fair sentence. Sir, this issues were reise to Mr Roth. He told me not to worry. Because it will be reise in court. He didn't reise the issue to the court. I believe if this issue were brouth up in court. I woulded recieve a fair sentence. I ask Mr Roth to submit a motion for family sicuntant and many other motion. That the court woulded taking in to consideration. I ask the court to reconsider. My request in getting a fair sentence.

    Thank you for your time

    Truely



I am writing to you in the hope that we can work together in regard to my situation.

As I have told you numerous times in the past, there are many mistakes and untruths in my Presentence report, and I would like to argue and dispute them. There are many things we need to speak about, regarding these matters. I thank you for your time and look forward to seeing and hearing from you at your earliest convenience so we can resolve these issues within a timely manner.

C.C.

Thank You Very Much.

PEREZ, ANGEL                                                              P52215 - SFF

9

## PART B. DEFENDANT'S CRIMINAL HISTORY

<u>Juvenile Adjudications</u>

30. None.

<u>Adult Criminal Convictions</u>

31. With regard to the details of the following convictions, they have been requested from the District of Connecticut United States Probation Office and remain awaited.

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|---|
| 32. | 9/1/04<br>Age: 36 | Violation of a Restraining Order/Connecticut State Ct. | 5/13/05: 1 year custody, 1 year suspended; 2 years' probation | 4A1.1(c)<br>4A1.2(e)(2) | 1 |
| 33. | 4/17/02<br>Age: 34 | Poss. of Narcotics, Sale of Halcuinigenic Narcotics/Connecticut State Ct. | 8/20/02: 8 years custody, 2 years to serve, 4 years' probation | 4A1.1(a)<br>4A1.2(e)(1) | 3 |
| 34. | 8/26/98<br>Age: 30 | Poss. of Narcotics/Connecticut State Ct. | 12/15/98: 30 months' custody | 4A1.1(a)<br>4A1.2(e)(1) | 3 |
| 35. | 8/10/98<br>Age: 30 | Driving with a Suspended License/Connecticut State Ct. | 1/7/99: $150 fine paid | 4A1.2(c)(1) | 0 |
| 36. | 1/5/97<br>Age: 28 | Breach of Peace/Connecticut State Ct. | 2/13/97: $100 fine | 4A1.2(c)(1) | 0 |

PEREZ, ANGEL                                                                                   P52215 - S??

10

| # | Date / Age | Offense | Sentence | Guideline | Points |
|---|---|---|---|---|---|
| 37. | 10/9/90<br>Age: 22 | Poss. of Narcotics, Crim. Poss. of a Weapon, Drug Parahernalia, Failure to Appear/Connecticut State Ct. | 1/24/92: 5 years custody, 42 months to serve, 3 years' probation | 4A1.1(a)<br>4A1.2(e)(1) | 3 |
| 38. | 9/27/90<br>Age: 22 | Interfering/Resisting, Failure to Appear/Connecticut State Ct. | 1/24/92: 1 year custody | 4A1.2(e)(3) | 0 |
| 39. | 8/13/90<br>Age: 22 | Assault 3rd Degree/Connecticut State Ct. | 1/24/92: 1 year custody | 4A1.2(e)(3) | 0 |
| 40. | 12/21/88<br>Age: 20 | Poss. of Narcotics, Failure to Appear/Connecticut State Ct. | 9/22/89: 18 months' custody | 4A1.2(e)(3) | 0 |
| 41. | 11/9/88<br>Age: 20 | Larcency 6th Degree, Failure to Appear/Connecticut State Ct. | 1/27/89: Unconditional Discharge | 4A1.2(e)(3) | 0 |
| 42. | 3/5/85<br>Age: 16 | Crim. Att. Assault 1st Degree, Robbery 1st Degree/Connecticut State Ct. | 10/4/85: 5 years' custody | 4A1.2(e)(3) | 0 |

Criminal History Computation

43. The criminal convictions above result in a subtotal criminal history score of 10.

44. At the time the instant offense was committed, the defendant was on Connecticut State probation. Pursuant to §4A1.1(d), two points are added.

45. As such, the total of the criminal history points is 12. According to the sentencing table at Chapter 5, Part A, 12 criminal history points establish a Criminal History Category of V.

James Roth, Esq.
December 17, 2007
Page 3

U.S.S.G. § 3E1.1(a). Furthermore, assuming that the defendant has accepted responsibility as described in the previous sentence, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 34. [31]

### B.  Criminal History Category

Pursuant to U.S.S.G. § 4B1.1(b), a career offender's criminal history category in every case shall be Category VI. Accordingly, the defendant is in Criminal History Category VI.

Nonetheless, based upon the information now available to this Office (including information provided by the defendant), the defendant has nine criminal history points, calculated as follows:

1. The defendant was convicted on or about May 13, 2005, in Connecticut State Court, for violating a restraining order, §53A-223A, a Class D Felony, which resulted in a sentence of one year imprisonment, which was suspended in its entirety, and two years' probation. Under U.S.S.G. §§ 4A1.1(c) and 4A1.2(a)(3), this sentence results in one criminal history point. [was given A.I.C.]

2. The defendant was convicted on or about August 20, 2002, in Connecticut State Court, for possession and sale of narcotics, §21A-279A and §21A-277A, Class U Felonies, which resulted in a sentence of 8 years' imprisonment, 2 years of which was to be served, and 4 years' probation. Under U.S.S.G. § 4A1.1(a), this sentence results in three criminal history points. [poss not sale] [not 8 years, 8 years to serve]

3. The defendant was convicted on or about December 15, 1998, in Connecticut State Court, for possession of narcotics, §21A-279A, a Class U Felony, which resulted in a sentence of 30 months' imprisonment. Under U.S.S.G. § 4A1.1(a), this sentence results in three criminal history points.

4. The defendant was convicted on or about January 7, 1999, in Connecticut State Court, for driving with a suspended license, §14-215, a Class U Misdemeanor, which resulted in a $150 fine. Under U.S.S.G. § 4A1.2(c), this sentence results in zero criminal history points.

James Roth, Esq.
December 17, 2007
Page 4

5. The defendant was convicted on or about January 15, 1997, in Connecticut State Court, for breaching the peace, §53A-181, a Class B Misdemeanor, which resulted in a $100 fine. Under U.S.S.G. § 4A1.2(e), this sentence results in zero criminal history points.

6. The defendant was convicted on or about August 13, 1991, in Connecticut State Court, for possession of narcotics, §21A-279(A), a Class U Felony, and criminal possession of a weapon, §53A-217, a Class D Felony, and on or about January 24, 1992, for drug paraphernalia, §21A-267(A), a Class C Misdemeanor, and failure to appear, §53A-172, a Class D Felony, which resulted in two concurrent sentences of five years' imprisonment, 42 months' of which was to be served, and 3 years' probation. Under U.S.S.G. § 4A1.2(e), this sentence results in zero criminal history points.

7. The defendant was convicted on or about August 13, 1991, in Connecticut State Court, for interference/resistance, §53A-167(A), a Class A Misdemeanor, and on or about January 24, 1992, for failure to appear, §53A-173, a Class A Misdemeanor, which resulted in two concurrent sentences of one year imprisonment. Under U.S.S.G. § 4A1.2(e), this sentence results in zero criminal history points.

8. The defendant was convicted on or about August 13, 1991, in Connecticut State Court, for assault in the third degree, §53A-61, a Class A Misdemeanor, which resulted in a concurrent sentence of one year imprisonment. Under U.S.S.G. § 4A1.2(e), this sentence results in zero criminal history points.

9. The defendant was convicted on or about September 22, 1989, in Connecticut State Court, for possession of narcotics, §21A-279(A), a Class U Felony, and failure to appear, §53A-172, a Class D Felony, which resulted in two concurrent sentences of 18 months' imprisonment. Under U.S.S.G. § 4A1.2(e), this sentence results in zero criminal history points.

10. The defendant was convicted on or about January 27, 1989, in Connecticut State Court, for larceny in the sixth degree, §53A-125B, a Class C Misdemeanor, and failure to appear, §53A-173, a Class A Misdemeanor, which resulted in an unconditional discharge. Under U.S.S.G. § 4A1.2(e), this sentence results in zero criminal history points.

11. The defendant was convicted on or about October 4, 1985, in Connecticut State Court, for criminal attempted assault in the first degree and robbery

[handwritten annotations in margins: "One conviction", "convicted 89 1991 4 years", "sen to 5 yrs 42 months not 5 years", "weapon in 1989 not 1991", "one conviction?"]

(a) Definition- Section 2953(a)(1) of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3797u-2(a)(1)) is amended by inserting `that is punishable by a term of imprisonment exceeding one year' after `convicted of an offense'.

(b) Period for Compliance- Notwithstanding section 2952(2) of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3797u-1(2)), each grantee under part EE of such Act shall have not more than 3 years from the date of the enactment of this Act to adopt the definition of `violent offender' under such part, as amended by subsection (a) of this section.

(c) Regulations- Not later than 90 days after the date of the enactment of this Act, the Secretary shall revise any regulations or guidelines described in section 2952 of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3797u-1) in accordance with the amendments made by subsection (a). Such regulations shall specify that grant amounts under part EE of such Act shall be reduced for any drug court that does not adopt the definition of `violent offender' under such part, as amended by subsection (a) of this section, within 3 years after such date of enactment.

## SEC. 104. USE OF VIOLENT OFFENDER TRUTH-IN-SENTENCING GRANT FUNDING FOR DEMONSTRATION PROJECT ACTIVITIES.

(a) Permissible Uses- Section 20102(a) of the Violent Crime Control and Law Enforcement Act of 1994 (42 U.S.C. 13702(a)) is amended--

  (1) in paragraph (2) by striking `and' at the end;

  (2) in paragraph (3) by striking the period at the end and inserting `; and'; and

  (3) by adding at the end the following new paragraph:

  `(4) to carry out any activity referred to in section 2976(b) of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3797w(b)).'.

(b) Use of Funds Appropriated- Section 20108(b)(4) of the Violent Crime Control and Law Enforcement Act of 1994 (42 U.S.C. 13708(b)(4)) is amended by adding at the end the following: `Funds obligated, but subsequently unspent and deobligated, may remain available, to the extent as may provided in appropriations Acts, for the purpose described in section 20102(a)(4) for any subsequent fiscal year. The further obligation of such funds by an official for such purpose shall not be delayed, directly or indirectly, in any manner by any officer or employee in the executive branch.'.

`(2) an assessment of whether the activities are meeting the need for the program identified in the application submitted under subsection (d); and

`(3) such other information as the Attorney General may require.

`(g) Authorization of Appropriations-

`(1) IN GENERAL- There are authorized to be appropriated $10,000,000 for each of fiscal years 2009 and 2010 to carry out this section.

`(2) LIMITATIONS; EQUITABLE DISTRIBUTION-

`(A) LIMITATIONS- Of the amount made available to carry out this section in any fiscal year--

`(i) not more than 2 percent may be used by the Attorney General for salaries and administrative expenses; and

`(ii) not more than 5 percent nor less than 2 percent may be used for technical assistance and training.

`(B) EQUITABLE DISTRIBUTION- The Attorney General shall ensure that grants awarded under this section are equitably distributed among the geographical regions and between urban and rural populations, including Indian Tribes, consistent with the objective of reducing recidivism among criminal offenders.'.

### SEC. 112. PROSECUTION DRUG TREATMENT ALTERNATIVE TO PRISON PROGRAMS.

(a) Authorization- Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3711 et seq.) is amended by inserting after part BB the following:

## `PART CC--PROSECUTION DRUG TREATMENT ALTERNATIVE TO PRISON PROGRAM

`SEC. 2901. GRANT AUTHORITY.



`(a) In General- The Attorney General may make grants to State, Tribal, and local prosecutors to develop, implement, or expand qualified drug treatment programs that are alternatives to imprisonment, in accordance with this part.

`(b) Qualified Drug Treatment Programs Described- For purposes of this part, a qualified drug treatment program is a program--

Second Chance?

`(1) that is administered by a State, Tribal, or local prosecutor;

`(2) that requires an eligible offender who is sentenced to participate in the program (instead of incarceration) to participate in a comprehensive substance abuse treatment program that is approved by the State or Indian Tribe and licensed, if necessary, to provide medical and other health services;

`(3) that requires an eligible offender to receive the consent of the State, Tribal, or local prosecutor involved to participate in such program;

`(4) that, in the case of an eligible offender who is sentenced to participate in the program, requires the offender to serve a sentence of imprisonment with respect to the crime involved if the prosecutor, in conjunction with the treatment provider, determines that the offender has not successfully completed the relevant substance abuse treatment program described in paragraph (2);

`(5) that provides for the dismissal of the criminal charges involved in an eligible offender's participation in the program if the offender is determined to have successfully completed the program;

`(6) that requires each substance abuse provider treating an eligible offender under the program to--

  `(A) make periodic reports of the progress of the treatment of that offender to the State, Tribal, or local prosecutor involved and to the appropriate court in which the eligible offender was convicted; and

  `(B) notify such prosecutor and such court if the eligible offender absconds from the facility of the treatment provider or otherwise violates the terms and conditions of the program, consistent with Federal and State confidentiality requirements; and

`(7) that has an enforcement unit comprised of law enforcement officers under the supervision of the State, Tribal, or local prosecutor involved, the duties of which shall include verifying an eligible offender's addresses and other contacts, and, if necessary, locating, apprehending, and arresting an eligible offender who has absconded from the facility of a substance abuse treatment provider or otherwise violated the terms and conditions of the program, consistent with Federal and State confidentiality requirements, and returning such eligible offender to court for sentencing for the crime involved.

`SEC. 2902. USE OF GRANT FUNDS.

  `(a) In General- A State, Tribal, or local prosecutor that receives a grant

under this part shall use such grant for expenses of a qualified drug treatment program, including for the following expenses:

> `(1) Salaries, personnel costs, equipment costs, and other costs directly related to the operation of the program, including the enforcement unit.
>
> `(2) Payments for substance abuse treatment providers that are approved by the State or Indian Tribe and licensed, if necessary, to provide alcohol and drug addiction treatment to eligible offenders participating in the program, including aftercare supervision, vocational training, education, and job placement.
>
> `(3) Payments to public and nonprofit private entities that are approved by the State or Indian Tribe and licensed, if necessary, to provide alcohol and drug addiction treatment to offenders participating in the program.

`(b) Supplement and Not Supplant- Grants made under this part shall be used to supplement, and not supplant, non-Federal funds that would otherwise be available for programs described in this part.

`SEC. 2903. APPLICATIONS.

`To request a grant under this part, a State, Tribal, or local prosecutor shall submit an application to the Attorney General in such form and containing such information as the Attorney General may reasonably require. Each such application shall contain the certification by the State, Tribal, or local prosecutor that the program for which the grant is requested is a qualified drug treatment program, in accordance with this part.

`SEC. 2904. FEDERAL SHARE.

`(a) Matching Requirement- The Federal share of a grant under this part may not exceed 50 percent of the total costs of the qualified drug treatment program funded under such grant.

`(b) In-Kind Contributions-

> `(1) IN GENERAL- Subject to paragraph (2), the recipient of a grant under this part may meet the matching requirement under subsection (a) by making in-kind contributions of goods or services that are directly related to the purpose for which such grant was awarded.
>
> `(2) MAXIMUM PERCENTAGE- Not more than 50 percent of the amount provided by a recipient of a grant under this part to meet the matching requirement under subsection (a) may be provided through in-kind contributions under paragraph (1).

`SEC. 2905. GEOGRAPHIC DISTRIBUTION.

`The Attorney General shall ensure that, to the extent practicable, the distribution of grants under this part is equitable and includes State, Tribal, or local prosecutors--

   `(1) in each State; and

   `(2) in rural, suburban, Tribal, and urban jurisdictions.

`SEC. 2906. REPORTS AND EVALUATIONS.

`For each fiscal year, each recipient of a grant under this part during that fiscal year shall submit to the Attorney General a report with respect to the effectiveness of activities carried out using that grant. Each report shall include an evaluation in such form and containing such information as the Attorney General may reasonably require. The Attorney General shall specify the dates on which such reports shall be submitted.

`SEC. 2907. DEFINITIONS.

`In this part:

   `(1) STATE OR LOCAL PROSECUTOR- The term `State, Tribal, or local prosecutor' means any district attorney, State attorney general, county attorney, tribal attorney, or corporation counsel who has authority to prosecute criminal offenses under State, Tribal, or local law.

   `(2) ELIGIBLE OFFENDER- The term `eligible offender' means an individual who--

      `(A) has been convicted, pled guilty, or admitted guilt with respect to a crime for which a sentence of imprisonment is required and has not completed such sentence;

      `(B) has never been charged with or convicted of an offense, during the course of which--

         `(i) the individual carried, possessed, or used a firearm or dangerous weapon; or

         `(ii) there occurred the use of force against the person of another, without regard to whether any of the behavior described in clause (i) is an element of the offense or for which the person is charged or convicted;

      `(C) does not have 1 or more prior convictions for a felony crime of

violence involving the use or attempted use of force against a person with the intent to cause death or serious bodily harm; and

`(D)(i) has received an assessment for alcohol or drug addiction from a substance abuse professional who is approved by the State or Indian Tribe and licensed by the appropriate entity to provide alcohol and drug addiction treatment, as appropriate; and

`(ii) has been found to be in need of substance abuse treatment because that individual has a history of substance abuse that is a significant contributing factor to the criminal conduct of that individual.'.

(b) Authorization of Appropriations- Section 1001(a) of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3793(a)) is amended by adding at the end the following new paragraph:

`(26) There are authorized to be appropriated to carry out part CC $10,000,000 for each of fiscal years 2009 and 2010.'.

### SEC. 113. GRANTS FOR FAMILY-BASED SUBSTANCE ABUSE TREATMENT.

Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3711 et seq.) is amended by inserting after part CC, as added by this Act, the following:

## `PART DD--GRANTS FOR FAMILY-BASED SUBSTANCE ABUSE TREATMENT

`SEC. 2921. GRANTS AUTHORIZED.

`The Attorney General may make grants to States, units of local government, territories, and Indian Tribes to--

`(1) develop, implement, and expand comprehensive and clinically-appropriate family-based substance abuse treatment programs as alternatives to incarceration for nonviolent parent drug offenders; and

`(2) to provide prison-based family treatment programs for incarcerated parents of minor children.

`SEC. 2922. USE OF GRANT FUNDS.

`Grants made to an entity under section 2921 for a program described in such section may be used for--